**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3199
_____

UNITED STATES OF AMERICA

v.

SHERMAN BOBB,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 03-333)
District Judge:  Hon. James M. Munley

Submitted June 24, 2011

Before:  CHAGARES, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>.

(Filed:  June 28, 2011)
_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Sherman Bobb appeals the District Court's denial of his motion for a reduction in

his sentence pursuant to 18 U.S.C. § 3582(c)(2).  His attorney has filed a motion to

withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967).  We will grant the motion and

affirm the sentence.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. On January 20, 2005, Bobb was found guilty of (1) conspiracy to distribute and possess with intent to distribute in excess of fifty grams of crack cocaine and in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846; (2) possession with intent to distribute in excess of five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking felony, in violation of 18 U.S.C. § 924(c). For sentencing purposes, Bobb's total offense level was forty-two and his advisory guideline range for the drug conviction was 360 months to life in prison.

On November 18, 2005, the District Court varied from the advisory guideline range due to Bobb's age, absence of a criminal record, and his status as a deportable alien, and sentenced Bobb to 240 months on the drug conviction, ten years below the lower end of the guideline range. The District Court also sentenced Bobb to a consecutive term of 120 months of imprisonment for the firearm conviction. Bobb's convictions and sentences were affirmed on appeal.

In March 2008, Bobb filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c), arguing that he was eligible for a sentence reduction in light of the retroactive amendments to the sentencing guidelines relating to crack cocaine. In light of the amendments, Bobb's revised total offense level was forty and the advisory guideline sentencing range on the drug conviction was 292 to 365 months of imprisonment. The District Court denied Bobb's motion for a sentence reduction, however, finding that the

original sentence was below the revised guideline range and because generally it was inappropriate to further reduce a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) in accordance with U.S.S.G. § 1B1.1(b)(2)(B).

Bobb filed a timely pro se notice of appeal to this Court.[1]  His counsel also filed a timely notice of appeal, thereafter moved to withdraw, and filed an Anders brief in support of the motion.  Bobb has filed a pro se brief in support of his appeal.

II.

Counsel may seek to withdraw from representation if, after a conscientious examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit . . . ."  3d Cir. L.A.R. 109.2(a) (2010); see also Anders, 386 U.S. at 744.  Evaluation of an Anders motion requires a twofold inquiry:  (1) whether counsel has thoroughly examined the record for appealable issues and has explained in a brief why any such issues are frivolous; and (2) whether an independent review of the record presents any non-frivolous issues.  See United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).  If we determine that "the Anders brief initially appears adequate on its face," the second step of our inquiry is "guided . . . by the Anders brief itself."  Id. at 301 (quotation marks and citation omitted).

We conclude that counsel's Anders brief is adequate, and thus, it will guide our independent review of the record.  Counsel identifies one possible claim that Bobb could make on appeal:  the District Court abused its discretion by denying him a sentence

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582, and we have jurisdiction under 28 U.S.C. § 1291.

reduction under § 3582(c)(2) after considering the § 3553(a) factors and his post-conviction rehabilitation. Our independent review of the record confirms that this issue is wholly frivolous.

We agree with Bobb that under § 3582(c)(2) he was eligible for relief as his original sentence was based upon an advisory guideline range that was subsequently lowered. Section 3582(c)(2) affords the District Court discretion to reduce a sentence "after considering the factors set forth in section 3553(a) to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." However, the Sentencing Commission instructs that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 229 (2005), a further reduction generally would not be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). Since Bobb's original sentence was a non-guideline sentence, we conclude that the District Court did not abuse its discretion in denying Bobb's request for a sentence reduction after considering all of Bobb's arguments under § 3553(a).

Therefore, we conclude that counsel has adequately shown that there are no nonfrivolous issues and our independent review of the record reveals that there are no appealable issues of merit.

III.

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the sentence of the District Court.

4